PORTER C. KINGSBURY AND GEORGE D. DANIELS, APPELLANTS, v. GEORGE W. EARLE AND WILLIAM L. EARLE, RESPONDENTS.

*Conveyance of land accepted under an agreement to pay the grantor's debts — his creditors may enforce payment of the debts by the grantees without regard to the value of the land.*

Where a father has conveyed land to his sons upon their orally agreeing, in consideration of the conveyance, to pay all his debts, his creditors may bring actions against the sons to recover their debts even though the amount thereof exceed the value of the land.

In such a case the amount named in the deed as the consideration for the transfer will not determine the actual value of the land.

APPEAL from an order of the County Court, of Cortland county, setting aside a verdict rendered herein in favor of the plaintiffs and granting a new trial.

The plaintiffs recovered a judgment in this action in a Justices' Court, and upon an appeal taken therefrom to the County Court the jury rendered a verdict in their favor. This verdict was set aside and a new trial was granted.

The action was brought to recover a debt due to the plaintiffs from the defendants' father.

*F. Pierce,* for the appellants.

*E. D. Crosley,* for the respondents

LEARNED, P. J.:

The jury decided, if there could have been any doubt, that the agreement of the defendants was to pay all the debts of their father. For this they had a sufficient consideration, viz., the conveyance to them of the land. Their contract was not to pay the debt of another person, but to pay the debt which they owed for the land, and to do this by paying debts which their father owed. This doctrine on the subject of the statute of frauds is well settled.

The learned county judge, admitting this doctrine, granted a new trial on the ground that the consideration of the land was $1,100; that the debts of the father amounted to more than that sum, and that an oral agreement of this kind could not be binding beyond the extent of the consideration received by the person agreeing to pay.

We cannot agree with this view. The argument of the learned county judge would go to the extent of holding that even a written agreement by one person with another to pay on good consideration the debts of the latter would not be binding beyond the extent of the consideration received. Because the matter is immaterial whether such an agreement be in writing or not; since we have seen that it has been well settled that such an agreement is not the promise to pay the debt of another within the statute of frauds.

The point, therefore, which we understand the learned county judge to make is whether the third party who is to be benefited by such a promise can enforce it under the case of *Lawrence* v. *Fox,* and similar cases. It would seem very plain that if the defendants, in consideration of the conveyance to them by their father of this land, agreed with him orally or in writing to pay all his debts, he might sue them and recover for a breach of this contract. And the question here is whether the father's creditors have a right of action on that promise. The learned county judge thinks that such a right of action is limited in its extent by the consideration actually

received by the defendants. But we do not so understand the doctrine. On whatever principle the cases of *Lawrence* v. *Fox* and other similar cases may rest, we do not think they rest on the principle that the creditor can recover only the amount which the defendant has received from the original debtor. The learned county judge seems to be of the opinion that if such an agreement were in writing the consideration would be sufficient to sustain it. But clearly it is of no importance whether or not it is in writing, when it is once decided that such an agreement is not a promise to pay the debt of another. If it be a promise to pay one's own debt, then, if there be a good consideration, the promise is binding to its full extent. It is often said that a small consideration is enough to make a promise binding, notwithstanding it may be much smaller than the thing promised. And if the promise to the defendants' father was binding, then the only question would be whether the right of action thereon was only in him, or was also in those who were to be benefited, viz.: his creditors. And that is disposed of by the cases referred to.

But there is a further view. There is no reason to say, in this case, that the consideration of the defendants' promise was $1,100. The consideration was the conveyance of the land. The amount named in the deed did not determine the actual value. That was a matter indefinite. And whether the land was worth more or less cannot be important.

It is urged by the defendants that a question should have been submitted to the jury whether the promise was obtained by fraud on the part of the father. That question is not discussed by the learned county judge, and evidently had no weight with him. And, on examining the case, we do not find that there was anything to go to the jury on that point. It nowhere appears that even if there were some misapprehension there was any fraud. And, as the court said on the trial, the defendants have retained the land and have never offered to restore it.

The order granting a new trial is reversed, with costs.

Present — LEARNED, P. J., BOARDMAN and BOCKES, JJ.

Order of County Court reversed, with costs.